IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| Christopher Michael Bauer, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| City of Williston, Tyler Wold, Rowan Horswill, | ) | Case No. 1:24-cv-223 |
| | ) | |
| Defendants. | ) | |

Plaintiff requests that the court allow him to access court records using the Public Access to Court Electronic Records ("PACER") database. (Doc. No. 14). Additionally, he requests that the court allow him to use CM/ECF, the court's electronic filing system, to upload and file documents directly from his computer to the court's case file. (Id.). In support of these requests, he states that he was granted leave in this action to proceed *in forma pauperis*, is "unable to bear the costs associated with local courts requiring mailings through the United States Postal System (USPS);" and "face[s] significant challenges in accessing physical court records and in complying with deadlines that rely on traditional mail service" due to his location and "ongoing instability in the mail system in Williston, North Dakota." (Id.).

Bauer does not require the court's permission to access PACER. Anyone can access PACER to view federal court records provided that they register for a PACER account. See Frequently Asked Questions, PACER, https://pacer.uscourts.gov/help/ faqs/registration (lasted visited Feb. 13, 2024). There is no fee to register for a PACER account. See Options to Access Records if you Cannot Afford PACER Fees, PACER, https://pacer.uscourts.gov/my-account-billing/billing/options -access-records-if-you-cannot-afford-pacer-fees. As there is nothing currently preventing Bauer

1

from registering for a PACER account and accessing PACER, his request for PACER access is deemed **MOOT**.

PACER does charge user fees to cover the costs of maintaining the service. Walker v. Shafer, No. 16-CV-5121 (JLV), 2018 WL 813420, at *3 (D.S.D. Feb. 9, 2018); Frequently Asked Questions, PACER, https://pacer.uscourts.gov/help/faqs/top-faqs (last visited Feb. 13, 2025). PACER fees are waived for any user who spends less than $30 in a fiscal quarter. Electronic Public Access Fee Schedule, supra ("No fee is owed for electronic access to court data or audio files via PACER until an account holder accrues charges of more than $30.00 in a quarterly billing cycle."). All court opinions are free. Id.

Courts may relieve a person from paying the PACER charges in instances where the person has "demonstrated that an exemption is necessary in order to avoid unreasonable burdens and to promote public access to information[.]" Electronic Public Access Fee Schedule, supra ("[E]xemptions should be granted as the exception, not the rule."); Walker, 2018 WL 813420, at *3. Here, Bauer has failed to establish that exemption is necessary in this case. He does not allege that he has failed to receive notice of filings. He has successfully filed several documents on this court's docket—including an amended complaint in response to the court's order to show cause—suggesting that he can continue to litigate this case without a waiver. See Hunter v. Bradford, No. 4:14-CV-00613-KGB, 2014 WL 12691604, at *3 (E.D. Ark. Dec. 10, 2014) (finding no waiver necessary when *pro se* plaintiff did not allege that she lacked access to filings and had successfully submitted documents to the court); Lindsay v. Preuss, No. 21-CV-11006 (PAE/KHP), 2023 WL 3998056, at *7 (S.D.N.Y. Apr. 25, 2023) (recommending a finding of no error when bankruptcy judge refused to provide an exemption to party who did not "show why the standard

PACER fee exemptions were insufficient."), R&R adopted, 2023 WL 3996865 (S.D.N.Y. June 14, 2023); see also Button v. Breshears, No. 1:24-CV-03757-MKV, 2025 WL 327926, at *2 (S.D.N.Y. Jan. 29, 2025) ("Even if Plaintiffs had been granted leave to proceed in forma pauperis in this action, that would be insufficient to establish that their PACER fees should be waived. . . . Instead, the party must demonstrate that an exemption beyond the automatic exemptions is necessary ... to avoid unreasonable burdens and to promote public access to information." (internal quotation marks and citation omitted)); Pina v. New York State Gaming Comm'n, No. 24-CV-5383 (LTS), 2024 WL 3565780, at *2 (S.D.N.Y. July 29, 2024) ("A party seeking a discretionary exemption cannot solely rely on his IFP status alone."). The phrasing of his request also suggests that he was not aware of the exemptions that are already part of the CM/ECF fee structure. Thus, insofar as he may be requesting to be relieved from paying the PACER charges, his request is **DENIED**. The court will now turn to address his request for leave to file electronically through CM/ECF.

It is not axiomatic indigent litigants will be permitted to electronically file documents with the court. Federal Rule of Civil Procedure 5(d)(3)(B) provides in relevant part that a"[a] person not represented by an attorney . . . may file electronically only if allowed by court order or by local rule." Fed. R. Civ. P. 5(d)(3)(B)(i). Some courts may have local rules permitting *pro se* litigants to file electronically. However, this court's local rules make no such provision.

This court's local rules incorporate by reference the Administrative Policy Governing Electronic Filing and Service. D.N.D. Civ. L. 5.1(A). This policy in turn provides that a "*pro se* party may not register to use the [electronic case filing] system." Administrative Policy Governing Electronic Filing and Service at p. 1, https://www.ndd.uscourts.gov/ ecf/cm_ecf_policy.pdf. This means that Bauer is not permitted to file electronically in this district.

3

Bauer's concerns regarding the costs of postage and his ability to timely file documents conventionally by sending them through the mail are specious. See e.g., Robinson v. Section 23 Prop. Owner's Ass'n, Inc., No. 2:16-CV-888-FTM-38CM, 2017 WL 1929662, at *2 (M.D. Fla. May 10, 2017) (finding a pro se plaintiff's claim to have expended funds he did not have on postage did not constitute good cause to allow him to file electronically). First, Bauer's assertion that he may not be able to meet deadlines if required to rely on the United States Postal Service is at best speculative. Second, Bauer has demonstrated an ability to comply with deadlines as evidenced by his timely submission of an amended complaint in response to the court's order to show cause. Third, the record reflects that the cost of postage has not been an impediment to Bauer's ability to access the court. Finally, Bauer has not provided any authority for the proposition that *pro se* litigants allowed to proceed *in forma pauperis* must be permitted to file electronically. Bauer's request for leave to file electronically via CM/ECF is therefore **DENIED**.

**IT IS SO ORDERED.**

Dated this 14th day of February, 2025.

*/s/ Clare R. Hochhalter*
Clare R. Hochhalter, Magistrate Judge
United States District Court